J. W. JONES v. NANNIE J. JOHNSON.

No. 9209.

INJUNCTION — *verified petition for, not evidence on final hearing.*
The verification of a petition is not to be treated as evidence on
the trial of an action for a perpetual injunction; and where the
petition in such a case is demurrable, any answer thereto which
does not cure the defects of the petition is sufficient, and it is error
for the court to grant a perpetual injunction without evidence.

*Error from Reno District Court.*
*Hon. F. L. Martin, Judge.*

REVERSED AND REMANDED.    OPINION FILED JANUARY 8, 1897.

*J. W. Roberts* and *H. Whiteside,* for plaintiff in error.
*Davidson & Williams,* for defendant in error.

MARTIN, C. J.    On January 9, 1891, Nannie J.
Johnson filed her petition against John W. Jones,
Sheriff, to enjoin him from selling a certain tract of
land in said county, of which she claimed to be the
owner, upon an execution issued to him out of said
District Court, in an action wherein Julius Kuhn was
plaintiff and Constant & Johnson were defendants,
the Sheriff having levied upon the land and adver-
tised the same for sale, and she not being a party to
said action.    She set up, as an exhibit, a copy of her
deed to the property and it shows the conveyance to
have been made April 1, 1889, by C. P. Johnson to
her, and that the same was recorded April 3, 1889 ;
and these are all the facts alleged in the petition
which was verified by said Nannie J. Johnson and
upon which a temporary injunction was granted.
The Sheriff duly filed an answer and afterward an
amendment thereto.    These contained a general de-
nial except as to facts thereinafter admitted.    It was
then stated that the Sheriff had levied said execution,

and also another wherein Long Brothers were plaintiffs, both being against Charles P. Johnson and Hiram Constant, said Charles P. Johnson being the husband of Nannie J. Johnson and the real owner of said land, and he having made said deed without consideration and for the purpose of hindering, delaying and defrauding his creditors, and further that said Charles P. Johnson was about to engage in the grocery business and to become largely indebted to said Julius Kuhn and Long Brothers and to the Hutchinson Mill Company, and said Nannie J. Johnson well knew said fraudulent purpose of her husband in the execution of said deed; that she simply holds said deed to prevent the application of the land to the payment of the just debts of her husband; that the conveyance to her is void and that Charles P. Johnson and the estate of Hiram Constant are insolvent. The defendant prayed that the deed be set aside, and that said judgment be decreed a first lien upon said land, and that the same be sold and the proceeds applied to the satisfaction thereof. The plaintiff below replied by a general denial. The cause was called for trial March 28, 1892, and a jury being waived the issues were submitted to the Court, which held that the burden of proof was on the defendant below. Certain evidence was offered by him, when the plaintiff objected to the introduction of any testimony, on the ground that the answer and the amendment did not state facts sufficient to constitute a defense, and this was sustained; whereupon the plaintiff below moved for a perpetual injunction and for costs, which motion was sustained. The motion of the defendant below for a new trial was overruled December 1, 1892, and the defendant below duly excepted to these rulings and orders of the Court. He now insists that plain-

tiff's petition did not state facts sufficient to consti-
tute a cause of action, and in this he is right; for the
issue of an execution presupposes a judgment, and
there is no allegation of its date. It may have be-
come a lien before the delivery of the deed from
Charles P. Johnson to Nannie J. Johnson. The an-
swer throws some additional light upon the transac-
tion by stating that Charles P. Johnson, against whom
two judgments were rendered, was the husband of
Nannie J. Johnson, but it is quite obscure; and there
is no allegation that Johnson was insolvent or even
indebted at the time he executed the deed to his wife.
Neither party seems to have been willing to plead the
facts, and each, perhaps, deemed it best to rely chiefly
on vague conclusions of fact and of law. The quali-
fied general denial with the other facts or conclusions
pleaded did not justify the Court in granting to the
plaintiff below a perpetual injunction without evi-
dence; for the verification of the petition cannot be
treated as evidence on the final hearing. The plead-
ings ought to have been recast before the trial.

The judgment will be reversed, and a new trial
awarded.

All the Justices concurring.